**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALPHONSE WILLIAMS and JOAN WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF NEW JERSEY, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF LAW, JAMES BENNETT, DEPUTY ATTORNEY GENERAL, et al., <br><br> Defendants. | CIVIL ACTION NO. 08-4620 (MLC) <br><br> **MEMORANDUM OPINION** |

**THE PLAINTIFFS**, who are pro se and paid the filing fee, bring this action against the defendants (1) State of New Jersey, Office of the Attorney General, Department of Law and Public Safety, Division of Law, James Bennett, Deputy Attorney General ("Bennett"), (2) State of New Jersey, Division of Taxation Special Procedures Branch Judgment Section ("Special Procedures Branch"), (3) State of New Jersey, Department of the Treasury, Division of Taxation ("Taxation"), (4) State of New Jersey, Department of the Treasury, Division of Taxation, Newark Investigations-A ("Newark Investigations-A"), (5) Division of Employer Accounts ("Employer Accounts" and, with Bennett, Special Procedures Branch, Taxation, and Newark Investigations-A, "State Defendants"), (6) City of Trenton Municipal Court, and (7)

"BOXING-SYNTAX=VOID-OMIT, : ITELIC [sic]: THE STATE OF NEW JERSEY" (dkt. entry no. 1, Compl.); and the Court being unable to present the allegations in the Complaint because they are indiscernible (see id.);[1] and defendants, separately, moving to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted (dkt. entry no. 11, Trenton Mot. to Dismiss; dkt. entry no. 16, State Defs. Mot. to Dismiss); and plaintiffs not opposing the separate motions; and

**IT APPEARING** that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted," Fed.R.Civ.P. 12(b)(6); and it appearing that on a motion to dismiss, a court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001); and it further appearing that a court need not credit bald assertions or legal conclusions

---

[1] The Complaint consists of ten pages of unintelligible sentences and sentence fragments and eight exhibits with handwritten numbers over nearly every word in the documents. (See, e.g., Compl. at 2 ("FOR THIS **UNITED-STATES-POSTAL-SERVICE-REGISTRATION-MAIL-CORPORATION-CASE-NUMBER-~RE-~026-~309-~783-~US:** OF THE FACTS **IS** WITH THE CLAIMS OF THIS MARITIME-VESSEL-COURT WITH THE COMMUNICATION-CORRECTIONS BY THIS **SUMMERY JUDGMENT** OF THE WORD-TERMS, WORD-OPERATIONS AND WORD-MODIFICATIONS WITH THE **CORRECT-SENTENCE-STRUCTURAL-WORD-OPERATION-SYNTAX** BY THESE CLAIMANTS.").)

alleged in the complaint, Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007); and it appearing that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citation omitted); and it further appearing that the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based," Kanter, 489 F.3d at 175; see also Allia v. Target Corp., No. 07-4130, 2008 WL 1732964, at *3 (D.N.J. Apr. 10, 2008); and the Court noting that it must construe a pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972); and

    **THE COURT** finding that the Complaint is incomprehensible and contains no discernible factual allegations or legal theories that could serve as a basis for recovery against defendants; and the Court finding that the Complaint is insufficient to put defendants on notice as to the claims asserted against them or the basis for such claims, see Allia, 2008 WL 1732964, at *4 (dismissing claims against defendants where complaint failed to give defendants fair notice of claims and grounds upon which they rested); and the Court further finding that amendment of the Complaint would be futile, see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (stating that court need not allow curative

amendment to complaint vulnerable under Rule 12(b)(6) where amendment would be futile); and

**THE COURT** thus intending to grant the separate motions and dismiss the Complaint for failure to state a claim upon which relief can be granted; and the Court having considered the matter without oral argument pursuant to Rule 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                            s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: June 5, 2009